UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:07-CV-10-R

JOHN ARTRIP                                                                                                 PLAINTIFF

v.

CITY OF HOPKINSVILLE                                                           DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Cross Motions for Summary Judgment (Docket Nos. 7 & 8). Responses and replies have been filed (Docket Nos. 9, 10, 11). For the following reasons, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED**.

**BACKGROUND**

On October 19, 2006, Chief Kermit Yeager of the Hopkinsville Police Department suspended Mr. Atrip without pay from his duties as a Hopkinsville Police Officer. Chief Yeager provided Mr. Artrip with a memorandum of suspension, stating that he was suspended pending the outcome of charges placed against him in Montgomery County, Tennessee. On the previous day, October 18, 2006, Mr. Atrip was involved in a minor motor vehicle accident in Clarksville, Tennessee. As Mr. Artrip left the scene of the accident after the matter was settled, Officer King of the Clarksville Police Department, who had been called to the accident scene, stopped and subsequently arrested Mr. Artrip for driving under the influence. Mr. Artrip was subsequently indicted in Tennessee for reckless endangerment, driving under the influence, violation of implied consent, and reckless driving.

To date, Mr. Artrip has not been reinstated to active duty, no administrative charges have

been filed against him, no hearing has been conducted regarding his suspension, and the criminal charges filed against him in Tennessee are still pending.

On January 22, 2007, Mr. Atrip filed the instant action, seeking reinstatement with back pay and compensatory damages for his wrongful suspension in violation of KRS 15.520.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys.*

*Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Mr. Artrip contends that the City has violated KRS 15.520, the "Police Officers' Bill of Rights," in not conducting a hearing regarding his status within sixty days of his suspension. Mr. Artrip does not dispute the City's authority to bring charges against him and suspend him without pay pending a hearing, but claims that under KRS 15.520, the City was required to hold a hearing regarding his suspension within sixty days of October 19, 2006. As such a hearing was never held, Mr. Artrip argues that he is entitled to be reinstated with full back pay and benefits.

In contrast, the City argues that it fully complied both with KRS 94.450 and KRS 15.520. The City asserts that KRS 94.540 authorizes the chiefs of police departments to suspend without pay an officer who is facing criminal charges until such time as those criminal charges are resolved. Once the criminal charges are resolved, the City argues, it may then decide whether to prefer administrative charges against the officer, and only then does the sixty-day period in which to conduct a hearing on the suspension, as set forth in KRS 15.520, begin to run.

KRS 95.450 deals with the "discipline of members" of police departments in cities of the second and third classes or urban county government. *See Beckham v. Bowling Green*, 743 S.W.2d 858, 860 (Ky. Ct. App. 1987). The City of Hopkinsville is a city of the second class pursuant to KRS 81.010(2) and thus falls under the purview of KRS 95.450. KRS 81.010(2) (2007). KRS 95.450 provides procedural protection to police officers "from any unfair or arbitrary disciplinary action." *Rottinghaus v. Board of Comm'rs*, 603 S.W.2d 487, 489 (Ky. Ct. App. 1979).

KRS 15.520, et seq., known as the "Police Officers' Bill of Rights," was passed

3

subsequent to KRS 95.450 and details the "administrative due process rights granted to police officers of local units of government" when they are subject to disciplinary proceedings. *Brown v. Jefferson County Police Merit Bd.*, 751 S.W.2d 23, 26 (Ky. 1988); *Howard v. City of Independence*, 199 S.W.3d 741, 745 (Ky. Ct. App. 2005).  Unlike KRS 95.450, KRS 15.520 applies to all police officers in Kentucky.  *See id.*  "KRS 15.520 specifically sets out the standards and administrative due process rights which apply to any hearing conducted by a statutorily appointed authority or body regarding any complaint of police misconduct in a city such as [Hopkinsville]."  *Madisonville v. Sisk*, 783 S.W.2d 885, 886 (Ky. Ct. App. 1990).

The Court can find no caselaw in Kentucky addressing the conflicting arguments raised by the parties regarding the interplay of these two statutes.  However, there is an incredibly pertinent opinion by the Kentucky Attorney General on this subject, OAG 80-655, which neither party has cited.  While this opinion is not binding on the Court, the Court agrees with and adopts the opinion's reasoning.

OAG 80-655 was issued in 1980, soon after the General Assembly enacted KRS 15.520, which according to the Attorney General, "deals with complaints against police officers and the manner of investigating and hearing those complaints.  OAG 80-655 (1980).  OAG 80-655 was issued in reply to a question by the Lexington-Fayette Urban County Government, likely spurred by the passage of KRS 15.520, as to:

> ...whether a member of the police department or fire department of the Urban County Government who has had criminal charges filed against him, may be suspended from duty without pay, without disciplinary charges being filed against him, pending final disposition of the criminal charges.

*Id.*  This is the *exact* matter in issue here.

The Attorney General first considered subsections (1) and (5) of KRS 95.450.

Subsection (1) provides:

> Except as provided in subsection (5) of this section no member of the police or fire department in cities of the second and third classes or urban-county government shall be reprimanded, dismissed, suspended or reduced in grade or pay for any reason except inefficiency, misconduct, insubordination or violation of law or of the rules adopted by the legislative body, and only after charges are preferred and a hearing conducted as provided in this section.

Subsection (5) states:

When the appointing authority or the head of the department has probable cause to believe a member of the police or fire department has been guilty of conduct justifying dismissal or punishment, he or it may suspend the member from duty or from both pay and duty, pending trial, and the member shall not be placed on duty, or allowed pay, until the charges are heard. If the member is suspended, there shall be no continuances granted without the consent of the member accused.

The Attorney General then considered certain provisions of KRS 15.520:

The statute provides in part in subsection (1)(b) that no threats, promises or coercions shall be used at any time against a police officer while he is a suspect in a criminal or departmental matter. Suspension from duty with or without pay during such period shall not be deemed coercion.

KRS 15.520(1)(c) states in part that no police officer shall be subjected to interrogation in a departmental matter involving alleged misconduct on his part until 48 hours have expired from the time the request for interrogation is made in writing to the accused officer. KRS 15.520(1)(d) provides that if a police officer is under arrest, or likely to be arrested, or a suspect in any criminal investigation, he shall be afforded the same constitutional due process rights that are accorded to any civilian, including but not limited to the right to remain silent, the right to counsel and he shall be notified of those rights before any questioning commences. Nothing in this section shall prevent the suspension with or without pay of such police officer pending disposition of such charges.

KRS 15.520(1)(h) sets forth the administrative due process rights afforded a police officer when a hearing is to be conducted by any appointing authority or legislative body. KRS 15.520(3) provides in part that the provisions of this section do not limit or in any way affect any rights previously afforded to police officers by statute, ordinance or working agreement. Finally, KRS 15.520(4) states that the provisions of this section shall only apply to police officers of local units of government who receive funds pursuant to KRS 15.410 through 15.992 (The Law Enforcement Foundation Program Fund).

*Id.*

After examining these statutory provisions, the Attorney General opined that "the only action the city is authorized to take against members of its police and fire departments, in regard to reprimanding, dismissing or suspending them or reducing them in grade or pay is that set forth in KRS 95.450." Under subsection (1), this generally means that an officer cannot be suspended until charges are preferred against him or her and a hearing on those charges is conducted. However, this is subject to the exception set forth in subsection (5), which allows the appointing authority or head of the department to go ahead and suspend an officer prior to a hearing by the city legislative body is conducted, if he or she has probable cause to believe the officer has been "guilty of conduct justifying dismissal or punishment." However, the Court agrees with the Attorney General that "written charges are still required, the policeman or fireman still must be served with a copy of the charges and a statement of the day, place and hour at which the hearing will begin and a hearing must be held by the city legislative body." *Id.*

Thus, the Kentucky Attorney General has already concluded that

members of the police and fire departments of an urban county government who have had criminal charges filed against them cannot be suspended from duty by the appointing authority or the head of their departments pending final disposition of the criminal charges, without following the procedures and requirements set forth in KRS 95.450 which require that charges be preferred and hearings conducted by the legislative body in connection with the persons whose suspensions are sought or who have been suspended.

The Court finds that this reasoning is sound and is clearly in line with the language of KRS 95.450. Thus, Chief Yeager had no authority to indefinitely suspend Mr. Artrip pending the disposition of the criminal charges filed against him. Instead, upon Chief Yeager's decision to suspend him, Mr. Artrip was entitled, under KRS 95.450, to have charges preferred against him and a hearing held on those charges.

Further, Mr. Artrip was entitled to a hearing on such charges within sixty days of the date of his suspension, October 19, 2006. While KRS 95.450(3) requires that hearings held under the statute be held within three days, according to the Kentucky Attorney General, this provision was "superseded by the provisions under KRS 15.520 to the effect that the hearing must be held within sixty (60) days following the filing of any charges against a police officer." OAG 81-134 (1981).

Thus, according to KRS 15.520(h)(8):

> any police officer suspended with or without pay who is not given a hearing as provided by this section within sixty (60) days of any charge being filed, the charge then shall be dismissed with prejudice and not be considered by any hearing authority and the officer shall be reinstated with full back pay and benefits.

As Mr. Artrip was not given a hearing within sixty days of his suspension, he is entitled to reinstatement with full back pay and benefits.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is **GRANTED** and the Defendant's Motion for Summary Judgment is **DENIED**.

A telephonic conference to discuss the status of this case and the manner in which the Plaintiff may be granted relief is hereby set for **January 14, 2008** at 11:15 a.m. The Court will place the call.

An appropriate order shall issue.